[No. 9512. Department One. June 8, 1911.]

GRACE M. GOULD, *Respondent,* v. CLARENCE HILL GOULD, *Appellant.*[1]

DIVORCE—CRUELTY—EVIDENCE—SUFFICIENCY. A husband is guilty of cruelty warranting a divorce, where it appears that he had community property of the value of $10,000 to $12,000 upon which he could have borrowed funds, that when their first child was born, he placed his wife in a hospital as a charity patient, and on her parents removing her to a private hospital, he made no effort to see her for five weeks, no explanation of his conduct was made, and there was also want of proper support.

Appeal from a judgment of the superior court for King county, Yakey, J., entered December 5, 1910, upon findings in favor of the plaintiff, after a trial on the merits before the court, in an action for divorce. Affirmed.

*Oliver C. McGilvra,* for appellant.

*Byers & Byers,* for respondent.

PARKER, J.—This is an action for divorce. A decree was rendered in favor of the plaintiff. The defendant has appealed.

The contentions of the appellant involve only the sufficiency of the facts shown to entitle respondent to a divorce. The controlling facts appear in the evidence without any serious dispute, and are, in substance, as follows: Respondent and appellant were married in April, 1908. They have community property of the approximate value of $10,000 to $12,000. This consists of a mortgage upon land in King county. It seems to be in such condition as not to be readily available as cash, but it appears that appellant could easily have borrowed thereon sufficient funds to supply all reasonably present needs of his family.

Some five weeks prior to the commencement of this action, when their first child was about to be born, appellant took

[1]Reported in 115 Pac. 1041.

respondent and placed her as a charity patient in the Wayside Hospital in Seattle, where she was assigned to a bed in a room with others. He called to see her the next day, and also the next day, when he found she had left the hospital. Her mother having ascertained that she was there, removed her to a private hospital, where her child was born soon thereafter. On the day following his last call at the Wayside Hospital, appellant went to her father's office and made inquiry about her, when her father informed him that she had been taken to a private hospital, and assured him that she would be well taken care of. It does not appear that respondent was informed as to her exact whereabouts, neither does it appear that he made inquiry as to where she then was. His inquiry was principally as to who had removed her from the Wayside Hospital. From that time until five weeks thereafter, and after this action had been commenced, he made no further inquiry about her, nor did he make any effort to see her. This conduct on his part is without explanation, except that it might be inferred from his evidence that he was angry because her parents had caused her removal from the Wayside Hospital. This neglect and conduct on part of appellant constitutes the principal act of cruelty relied upon by respondent to secure her divorce. The evidence also tends to show want of proper support of respondent by appellant in view of his means and their station in life. We would hardly be inclined to regard the evidence of nonsupport as sufficient within itself to support the decree, but it seems to us that his conduct and treatment of respondent at this critical period, together with his failure to better provide for her at that time, is sufficient to support the decree upon the ground of cruel treatment. We conclude that the judgment should be affirmed. It is so ordered.

DUNBAR, C. J., MOUNT, GOSE, and FULLERTON, JJ., concur.